**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VAXCEL INTERNATIONAL, CO. LTD., §<br>*Plaintiff*, §<br>§<br>vs. §<br>§<br>GOOD EARTH LIGHTING, INC. §<br>*Defendant.* § | CASE NO. 1:18-cv-00340<br><br>**JURY DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Vaxcel International Co., Ltd., ("Vaxcel") alleges as follows:

**PARTIES**

1. Plaintiff Vaxcel International Co., Ltd. is an Illinois Corporation with its principal place of business located at 121 E. North Avenue, Carol Stream, Illinois 60188.

2. Upon information and belief, Defendant Good Earth Lighting, Inc. ("Good Earth") is an Illinois Corporation with its principal place of business located at 1400 East Business Center Drive, Suite 108, Mount Prospect, Illinois 60056.

3. Defendant Good Earth engages in the design, manufacture, offer to sell, sale, and marketing of light emitting diode ("LED") security lights with motion sensors and two levels of brightness.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 1 *et seq.*

5. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Good Earth regularly conducts business in this Judicial District. Good Earth markets and supplies infringing products to local retailers and consumers in this Judicial District. Therefore, this Court has general jurisdiction over Defendant Good Earth.

7. Good Earth has contributed to and/or committed and continues to contribute to and/or commit acts of patent infringement in this Judicial District. Good Earth has minimum contact with this forum by way of, at a minimum, directly and/or through intermediaries, including subsidiaries, distributors, sales agents, and others, sold and/or offered for sale and/or imported infringing products in this Judicial District and/or placed their infringing products in the stream of commerce, which is directed at this Judicial District, as alleged in further detail below. Therefore, this Court has specific jurisdiction over Defendant Good Earth.

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b), 1391(c) and 1400(b).

## BACKGROUND

9. United States Letters Patent Number 9,743,480 ("the '480 patent"), entitled "Two-Level LED Security Light with Motion Sensor," was duly and lawfully issued on August 22, 2017 based upon an application filed by inventor Chia-Teh Chen. A copy of the '480 patent is attached as EXHIBIT A.

10. The owner of the '480 patent, by assignment, is Vaxcel, who has the right to sue and recover damages for past and present infringement thereof.

11. Plaintiff Vaxcel has never licensed Defendant Good Earth under the '480 patent and Plaintiff Vaxcel has not otherwise authorized Defendant Good Earth to practice any part of the '480 patent.

## COUNT I
## PATENT INFRINGEMENT OF U.S PATENT NO, 9,743,480

12. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 as if fully repeated and restated herein.

13. Defendant Good Earth is the manufacturer and marketer of Good Earth branded products.

14. Good Earth is engaged in the marketing and sale of two-level LED security lights ("Lights") in the United States generally and in the Northern District of Illinois.

15. Good Earth's Lights employ angle adjustable LED lamps, which include LEDs that are connected in series and in parallel, can detect motion and the surrounding light and can adjust between a high-level illumination and a low-level illumination in response to either.

16. Good Earth's Lights operate off an alternating current ("AC") power supply which is converted to direct current ('DC").

17. Good Earth's Lights include a microcontroller that controls switching circuitry ("switch"). The switch can receive a pulse width modulation ("PWM") signal from the microcontroller that can control a conduction period and can deliver different average electric powers from the power source to drive the LED Lamps for generating the different levels of illumination.

18. Specifically, Good Earth imports, sells, and offers to sell LED security lights, including but not limited to Good Earth Model Nos. SE1095-WH3-02LF0-G, Item No. 803990 (the "'990 light"), SE1095-BP2-02LF0-G, Item No. 490904 (the "'904 light"), SE1084-WH3-02LF0-G, Item No. 803998 (the "'998 light") and SE1084-BP2-02LF0-G, Item No. 803997 (the "'997 light")(collectively the "Lights") with the features listed in paragraphs 14-17 above.

19. Good Earth is in violation of 35 U.S.C. § 271(a) and has been and continues to infringe literally or under the doctrine of equivalents at least claim 1 of the '480 patent, directly by at least importing, selling and offering to sell the above-referenced Lights to the general public and to retailers, including but not limited to Lowe's.

20. Defendant Good Earth has and continues to promote, advertise, and instruct customers and potential customers about its products and how to use its Lights, including infringing uses. Defendant Good Earth's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website www.goodearthlighting.com, the production and distribution of instruction manuals and other indicia included on the website and within or printed on the packaging of its products. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

21. Defendant Good Earth has been and continues to infringe indirectly at least claim 1 of the '480 patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Lowe's) by the sale of at least the Lights to others. Acts of inducement include, for example, advertisement and instruction to install and use the Lights in motion detection and light detection modes.

22. Specifically, regarding the Lights, Good Earth instructs how to connect to an AC power supply, how to setup motion detection, how to setup light detection for automatically changing the brightness of the illumination, and how to angle the LED Lamps.

23. Plaintiff Vaxcel marks its products with notice that the products are covered by U.S. Patent No. 8,866,392 (the "'392 patent"). The '480 patent is a continuation of U.S. Patent No. 9,445,474 (the "'474 patent"), which is a continuation of the '392 patent. Thus, the Defendant Good Earth had constructive knowledge of the existence of the '480 patent when it issued.

24. Defendant Good Earth knew or should have known that at least the Lights are especially made or especially adapted for use in an infringement of the '480 patent and that there is no substantially non-infringing use of these lighting fixtures.

25. Defendant Good Earth's products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

26. Defendant Good Earth's actions have and continue to constitute active inducement and contributory infringement of the '480 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

27. As a result of Defendant Good Earth's infringement of the '480 patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant Good Earth's infringing activities are enjoined by this Court.

28. Defendant Good Earth's wrongful acts have damaged and will continue to damage Plaintiff irreparably, and Plaintiff has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Good Earth and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '480 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vaxcel respectfully requests that this Court enter:

A. A judgment in favor of Plaintiff Vaxcel that Defendant Good Earth has been and is infringing one or more of the claims of the '480 patent pursuant to 35 U.S.C. §§ 271(a), 271(b) and/or 271(c);

B. A permanent injunction enjoining Defendant Good Earth and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others

acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '480 patent;

  C. An award of damages adequate to compensate Vaxcel for the infringement by Good Earth along with pre-judgment and post-judgment interest, but in no event less than a reasonable royalty pursuant to the provisions of 35 U.S.C. § 284;

  D. An assessment and award of Vaxcel's costs, including reasonable attorney fees pursuant to 35 U.S.C. § 285 against Defendant Good Earth; and

  E. Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Vaxcel hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ R. Mark Halligan
R. Mark Halligan (#6200723)
FISHERBROYLES, LLP
203 North LaSalle Street, Suite 2100
Chicago, Illinois 60601
E-Mail: rmark.halligan@fisherbroyles.com
Telephone: (312) 607-0102
Facsimile: (630) 579-1283

Bryan D. Pollard (#00795592)
FISHERBROYLES, LLP
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
E-Mail: bryan.pollard@fisherbroyles.com
Telephone: (214) 984-7153
Facsimile: (214) 279-7192

ATTORNEYS FOR PLAINTIFF